SEND
ENTER JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08–5751 PA (PJWx) | Date | September 16, 2008 |
|---|---|---|---|
| Title | Matrix Financial Services Corp. v. Thomas Equipment, Inc. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE |
|---|---|

| Karen Park | N/A | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**     IN CHAMBERS – COURT ORDER

     Before the Court is Thomas Equipment, Inc's ("Defendant") Notice of Removal.  (Docket No. 1.) Defendant asserts that jurisdiction exists based on diversity of citizenship.

     Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress.  See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994).  A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit.  28 U.S.C. § 1441(a).  A removed action must be remanded to state court if the federal court lacks subject matter jurisdiction.  28 U.S.C. § 1447(c).  "The removal statute is strictly construed against removal jurisdiction, and the burden of establishing federal jurisdiction falls to the party invoking the statute."  California ex rel. Lockyer v. Dynegy, Inc., 375 F.3d 831, 838 (9th Cir. 2004) (citing Ethridge v. Harbor House Rest., 861 F.2d 1389, 1393 (9th Cir. 1988)).  As the party seeking to invoke this Court's jurisdiction, Defendant bears the burden of proving that jurisdiction exists.  Scott v. Breeland, 792 F.2d 925, 927 (9th Cir. 1986) (citations omitted).

     Federal courts have jurisdiction over civil actions where there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00.  See 28 U.S.C. § 1332.  For the purposes of diversity jurisdiction, a corporation is a citizen of any state where it is incorporated and of the state where it has its principal place of business.  28 U.S.C. § 1332(c); see also Indus. Tectonics, Inc. v. Aero Alloy, 912 F.2d 1090, 1092 (9th Cir. 1990).

     Here, Defendant asserts that jurisdiction exists because Matrix Financial Services Corp. ("Plaintiff") is a "foreign corporation" and "Defendant is . . . a citizen of the State of Delaware, with its principal place of business located in the State of Wisconsin[,]" (Not. of Removal ¶ 14).  See 28 U.S.C. § 1332(a)(2) (jurisdiction exists when amount in controversy exceeds $75,000 and the suit is between citizens of a State, and citizens of a foreign state).  However, the Complaint states that "Matrix is a foreign corporation . . . authorized to do business in the states of Georgia and California, among others."

**SEND**<br>**ENTER JS-6**

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08–5751 PA (PJWx) | Date | September 16, 2008 |
|---|---|---|---|
| Title | Matrix Financial Services Corp. v. Thomas Equipment, Inc. | | |

(Compl. ¶ 1.)  Neither the Complaint nor the Notice of Removal states Plaintiff's citizenship.  "Absent unusual circumstances, a party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties."  Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001); Bradford v. Mitchell Bros. Truck Lines, 217 F. Supp. 525, 527 (N.D. Cal. 1963) ("A petition [for removal] alleging diversity of citizenship upon information and belief is insufficient.").  "[N]otice of removability under § 1446(b) is determined through examination of the four corners of the applicable pleadings, not through subjective knowledge or a duty to make further inquiry."  Harris v. Bankers Life & Cas. Co., 425 F.3d 689, 694 (9th Cir. 2005).  The Complaint and Notice of Removal merely allege that Plaintiff is a "foreign corporation," and therefore Defendant has not established Plaintiff's citizenship.

Because neither the "four corners" of the Complaint nor the Notice of Removal contain sufficient allegations concerning Plaintiff's citizenship, Defendant has not met its burden to establish this Court's jurisdiction.  See Harris, 425 F.3d at 694.  Accordingly, the Court remands this action to Los Angeles Superior Court, Case Number BC 395489, for lack of federal subject matter jurisdiction.  See 28 U.S.C. § 1447(c).

IT IS SO ORDERED.

**SEND**
**ENTER JS-6**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08–5751 PA (PJWx) | Date | September 16, 2008 |
|---|---|---|---|
| Title | Matrix Financial Services Corp. v. Thomas Equipment, Inc. | | |